(Pleito No. 114.—Fallado el 23 de Marzo de 1901.)

## LABORDE contra PÉREZ.

RECURSO contra sentencia dictada por la Corte de Distrito de Ponce.

RECURSO. Un heredero con derecho á parte de los bienes de un finado, es acreedor, y como tal, parte legítima para promover el juicio voluntario de testamentaría, con arreglo á los artículos 972 y 1,037 de la Ley de Enjuiciamiento Civil.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico,

á veinte y tres de Marzo de mil novecientos uno, en los autos de promoción del juicio testamentario de Doña Isabel Pérez de Laborde, procedentes del Tribunal de Distrito de Ponce, y pendientes ante Nos en virtud de recurso de casación, por infracción de ley, interpuesto por Don Guillermo Laborde, habiendo llevado su representación y defensa el Letrado Don Juan de Guzmán Benitez.— Resultando: Que en la escritura de partición de bienes de Don Juan Alejandro Laborde, casado en primeras nupcias con Doña Vicenta Vega, en la que procreó, entre otros hijos, al recurrente Don Guillermo, y en segundas con Doña Isabel Pérez, cuyo documento fué otorgado en la Ciudad de Ponce á diez y seis de Octubre de mil ochocientos setenta, se hicieron á la viuda Doña Isabel y á los hijos de ambos matrimonios las adjudicaciones correspondientes, figurando entre ellas el haber del heredero Don Ildefonso, hijo del segundo matrimonio, haber que por fallecimiento de éste, ocurrido anteriormente, debía usufructuar su madre con la debida reserva, según así se consigna en la mencionada escritura.—Resultando: Que el haber hereditario de Don Ildefonso Laborde Pérez ascendió á cuatro mil cuatrocientos cincuenta y dos pesos, con ochenta y ocho centavos y cuatro séptimos, y en pago del mismo le fueron adjudicadas diversas particiones de dominio en bienes muebles, semo-vientes, inmuebles y créditos del caudal relicto por su padre.—Resultando: Que habiendo fallecido Doña Isabel Pérez en nueve de Enero de mil novecientos, Don Guillermo Laborde acudió al Tribunal del Distrito de Ponce en catorce de Agosto del mismo año, con escrito en que, alegando los hechos ya expuestos, é invocando como fundamentos de derecho la disposición transitoria número 12 del Código Civil, los artículos 811 y 1,082 del propio Código, y los 1,000, 1,037 y 1,398 de la Ley de Enjuiciamiento Civil, solicitó que no se procediera á la división de los bienes de Doña Isabel Pérez hasta que se afianzara el crédito representado por la hijuela de Don Ildefonso, que se trajera

á los autos certificación de la resolución declarando herederos ab-intestato de dicha Señora á los hermanos consanguíneos del·Don Guillermo, que se tuviera por promovido el juicio voluntario de testamentaría de Doña Isabel Pérez, convocándose á junta á los interesados para que se pusieran de acuerdo sobre· la administración, custodia y conservación del caudal y que se decretara el embargo preventivo contra los bienes pertenecientes á la masa hereditaria.—Resultando: Que el Tribunal del Distrito de Ponce, por auto de diez y seis de Agosto citado, y por el fundamento de no estar comprendido Don Guillermo Laborde en ninguno de los casos del artículo 1,037 de la Ley de Enjuiciamiento Civil, declaró no haber lugar á lo solicitado; y habiendo utilizado el Don Guillermo recurso de reposición contra dicho auto, citando como infringido el mismo artículo 1,037 en su caso 4°, fué denegada por auto de veinte y cinco del repetido Agosto la reposición pedida.—Resultando: Que contra ese auto y su concordante de diez y seis de Agosto ha interpuesto la representación de Don Guillermo Laborde recurso de casación, por infracción de ley, autorizado por el número 1° del artículo 1,690 de la ley de Enjuiciamiento Civil, citando como infringidos:—1° El artículo 1,037, número 4°, de dicha ley, según el cual es parte legítima para promover el juicio voluntario de testamentaría cualquier acreedor, siempre que presente un título escrito que justifique cumplidamente su crédito, pues siendo acreedor Don Guillermo Laborde respecto de los bienes reservables comprendidos en la hijuela de su hermano Don Ildefonso, los que por fallecimiento de éste fueron dados en usufructo á Doña Isabel Pérez con la reserva que preceptúa el artículo 811 del Código Civil, se le ha denegado el derecho que le otorga el artículo citado, no obstante la presentación de la certiffcación de óbito de la repetida Doña Isabel Pérez.— 2° El artículo 1,398 de la Ley de Enjuiciamiento Civil, por cuanto á pesar de concurrir las circunstancias en él prevenidas, no se ha decretado el embargo preventivo solicitado.

—Visto: siendo ponente el Juez Asociado Don José C. Hernández.—Considerando: Que con arreglo al número 4º del artículo 1,037 de la Ley de Enjuiciamiento Civil, es parte legítima para promover el juicio voluntario de testamentaría cualquier acreedor, siempre que presente un título escrito que justifique cumplidamente su crédito, y que el artículo 972 en su número 3º concede igual derecho al acreedor en idénticas condiciones para solicitar la prevención del juicio abintestato.—Considerando: Que Don Guillermo Laborde es acreedor respecto de la finada Doña Isabel Pérez, pues según el artículo 511 del Código Civil, tiene derecho con sus hermanos de uno ó de doble vínculo á los bienes que constituían la hijuela paterna de su hermano Don Ildefonso, los que se dieron á Doña Isabel en usufructo, con obligación de reservarlos á favor de los hijos de su esposo Don Juan Alejandro Laborde; y por tal fundamento es obvio que aquél puede promover el juicio testamentario ó ab-intestato de Doña Isabel Pérez.—Considerando: Que en mérito de lo expuesto procede el recurso de casación interpuesto, por el primer motivo en que se apoya, y que respecto del segundo, es inadmisible, toda vez que los autos recurridos, en cuanto deniegan el embargo preventivo solicitado, no tienen el carácter de definitivos, según jurisprudencia constante del Tribunal Supremo de justicia de España, anterior á la extinción de su soberanía en esta Isla.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación, por infracción de ley, interpuesto por Don Guillermo Laborde contra los autos del Tribunal de Distrito de Ponce, de diez y seis y veinte y cinco de Agosto último, en cuanto le fué por ellos denegado el derecho de promover el juicio de testamentaría ó ab-intestato de Doña Isabel Laborde, declarándolo sin lugar por el segundo motivo en que se funda; y en su consecuencia, casamos y anulamos los autos recurridos en el sentido expuesto; y el referido tribunal proceda con arreglo á derecho, en la forma ordenada por la Ley de Enjuiciamiento Civil, á cuyo fin, con devolución de los autos, comuníquesele

esta resolución.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos. mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el.Sr. Juez Asociado del Tribunal Supremo de Justicia Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á veinte y tres de Marzo de mil novecientos uno.—E. de J. López Gaztambide, *Secretario*.